UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW R. STEFFES,

    Petitioner,

v.                                                  Case No. 07-C-1139

MICHAEL THURMER,
Warden, Waupun Correctional Institution,

    Respondent.

## ORDER ON RULE 4 REVIEW

On December 21, 2007, the petitioner, Matthew R. Steffes ("Steffes"), filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. According to his petition and the attachments thereto, in July 2001, a jury convicted Steffes of three counts of sexual assault of a child, six counts of enticement as a party to a crime, and six counts of soliciting a child for prostitution as a party to a crime. The jury acquitted Steffes of two counts relating to delivering marijuana to the girls, and the State voluntarily dismissed a count charging physical abuse of a child.

After the jury verdict, but before sentencing, Steffes filed a motion seeking a new trial, alleging that the jurors had been exposed to extraneous information. After a hearing, the motion for a new trial was denied. In April 2002, Steffes was sentenced to serve a total of 112 years. In July 2003, Steffes filed a postconviction motion seeking sentence modification and a new trial. The motion for a new trial was denied in February 2004, but the court ordered briefs and oral argument on the sentencing issues.

In July 2004, before the sentencing issues were decided, Steffes filed a supplemental motion seeking to vacate four of the six solicitation counts on the basis that they were multiplicitous. In April 2005, the trial court ruled the sentence imposed was unduly harsh and ordered a new sentencing hearing.

The new sentencing hearing occurred in July 2005. At the start of the hearing, the trial court granted Steffes's motion that the solicitation counts were multiplicitous and vacated four of the six solicitation convictions. At the conclusion of the sentencing hearing, the trial court imposed a sentence totaling forty years.

In January 2006, Steffes filed a postconviction motion alleging that the evidence was insufficient to support the six counts of child enticement, that the convictions on solicitation were different than the charged offense, and that trial counsel provided ineffective assistance of counsel with respect to the jury instructions. The trial court denied the postconviction motion.

On September 29, 2006, Steffes filed an appeal, and on June 19, 2007, the Wisconsin Court of Appeals affirmed Steffes's judgment of conviction. On July 16, 2007, Steffes filed a petition for review with the Wisconsin Supreme Court, and on September 14, 2007, that court denied his petition for review.

In support of his habeas corpus petition, Steffes asserts several grounds, including insufficiency of the evidence, ineffective assistance of counsel, and violation of his right to due process.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.

I cannot say from Steffes's petition that he is not entitled to relief in the district court. Therefore, the respondent will be ordered to file an answer to the petition and the briefing schedule which is set forth below will thereafter govern the processing of Steffes's petition.

**NOW THEREFORE IT IS ORDERED** that on or before March 3, 2008, the respondent shall file an answer to the petition;

**IT IS FURTHER ORDERED** that on or before April 1, 2008, the petitioner shall file a brief in support of his petition;

**IT IS FURTHER ORDERED** that on or before May 1, 2008, the respondent shall file a brief in response to the petitioner's brief;

**IT IS FURTHER ORDERED** that on or before May 15, 2008, the petitioner shall file his reply brief in support of his petition.

**SO ORDERED** this 2nd day of January 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge