UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MATTHEW R. STEFFES,

      Petitioner,

v.                                        Case No. 07-C-1139

MICHAEL THURMER, Warden,

      Respondent.

## ORDER RE: PETITIONER'S MOTIONS TO COMPLETE RECORD

On April 1, 2008, this court ordered that the respondent and petitioner file a response and a reply, respectively, with respect to the petitioner's motions to complete the record, filed on March 19, 2008 and March 28, 2008. Having now reviewed and considered the parties' filings, and for the reasons set forth below, the petitioner's motions will be granted in part and denied in part.

The respondent argues that Steffes' motion should be denied out of hand because Steffes failed to raise his fifth claim (i.e., that the jury was exposed to prejudicial, extraneous information) in his state court appeal and he therefore procedurally defaulted such claim. Acknowledging that Steffes' co-defendant in the state case, i.e., Joshua Howard, presented that same issue to the court of appeals in Howard's appeal, the respondent nevertheless argues that Steffes should not be allowed to claim exhaustion of his state remedies on a particular claim "by proxy." In reply, Steffes argues:

> The petitioner and his co-defendant had a trial together and when a juror came forward and reported misconduct during deliberations they had joint postconviction hearings together. The respondent has not suggested any reason to explain why the State court would have decided this factually identical claim differently had Steffes re-raised it in his direct appeal. The futility exception to the exhaustion requirement applies when, as here, the state courts have already decided the same legal question adversely to the petitioner. *Lynce v. Mathis*, 519 U.S. 433, 436, n. 4 (1997); *Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir. 1999). As for the petitioners [sic] novel theory of exhaustion-by-proxy, the Seventh Circuit addressed this exact scenario in *U.S. ex rel. Cunningham v. DeRobertis*, 719 F.2d 892, 894-95 (7th Cir. 1983), holding that

> presentation to the state court is futile where, as here, the state court rejected an identical claim made by the petitioner's co-defendant. In *Cunningham* the habeas petitioner raised the claim that his co-defendant's confession was not voluntary despite his failure to personally exhaust the claim in the state court. The Court of Appeals accepted the petitioner's assertion that since his co-defendant had challenged the voluntariness of his confession in state court the exhaustion requirement had been met, stating. "[w]e think the issue of Glenn's [co-defendant's] confession has been exhausted - - - albeit not by the petitioner." *Id.*

(Pet'r's Reply 2.)

To be sure, in his appeal Steffes' co-defendant, Howard, did present to the Wisconsin Court of Appeals the claim of juror misconduct, which claim was predicated on one of the jurors in their joint trial having obtained extraneous information via the internet. That claim was rejected by the state court of appeals, and Howard's petition for review was denied by the Wisconsin Supreme Court. But, the question that must be answered is whether Steffes can now piggyback on Howard's raising and then exhausting such claim and thereby avoid the respondent's assertion that he, Steffes, has failed to exhaust such claim and, because no avenue remains for him to do so, has procedurally defaulted such claim.

Title 28 U.S.C. § 2254 provides, in pertinent part,

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that

    (A) the applicant has exhausted the remedies available in the courts of the State; or

    (B)(i) there is an absence of available State corrective process; or

    (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001). "The

2

habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state the 'opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir. 1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A petitioner exhausts his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir. 1985). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This generally requires appealing state court decisions all the way to the state supreme court. *See O'Sullivan*, 526 U.S. at 847. Moreover, a petition for writ of habeas corpus should be dismissed without prejudice if state remedies are not exhausted as to any one of the petitioner's claims. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

At the same time, the procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir. 1994). Procedural default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state, *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir. 1996). "A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman*,

3

501 U.S. at 732 (1991). His procedural default nonetheless forecloses habeas relief, for "[j]ust as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance." *Id.* at 731-32.

A federal habeas court will only review a defaulted claim if the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in "a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750 (1991); *see also Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001). The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 495 (1991). To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule," *Murray v. Carrier*, 477 U.S. 478, 488 (1986), and that the defect of which he claims "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions," *id.* at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner must show that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998). "This standard requires a petitioner to show that it is more likely than not that no reasonable juror would have convicted him." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999).

Clearly, the applicant in the instant habeas corpus proceeding, Matthew Steffes, did not personally exhaust the remedies available to him in the courts of the State of Wisconsin with respect to his juror misconduct claim. He asserts that exhaustion of such claim would have been futile, given

4

how the state court of appeals handled that same claim when his co-defendant, Howard, presented it to the court.

In *United States ex rel. Cunningham v. DeRobertis*, 719 F.2d 892 (7th Cir. 1983), the Seventh Circuit Court of Appeals found that the habeas corpus petitioner, i.e., Cunningham, had not exhausted state court remedies with respect to one of his claims, which claim had to do with the voluntariness of his co-defendant's confession. Nevertheless, the court proceeded to address that claim because it had been "squarely presented to - and rejected by- the Illinois Appellate Court." 719 F.2d at 894-95. The court stated:

> We think the issue of the voluntariness of Glenn's confession has been exhausted - albeit not by petitioner. Exhaustion is a matter not of jurisdiction, but of comity; the federal courts should not act until the state courts have had an opportunity to correct federal constitutional errors. The voluntariness issue has been squarely presented to - and rejected by - the Illinois Appellate Court. No federalism purpose would be served by requiring petitioner personally to raise the issue again. Alternatively, if the claim were not thereby exhausted, we think the claim must still be viewed as exhausted for purposes of § 2254. The exhaustion requirement refers only to remedies still available at the time of the federal habeas petition. Petitioner need not pursue post-conviction relief if it would be futile. In *People v. James*, 46 Ill.2d 71, 74, 263 N.E.2d 5, 7 (1970), the Illinois Supreme Court, in discussing the availability of post-conviction relief, stated that the judgment of a reviewing court is *res judicata* as to all issues actually decided, and all issues that could have been raised but were not are considered waived. Since petitioner failed to raise the voluntariness of Glenn's confession on direct appeal, we think it would be futile to raise the issue now on post-conviction.

719 F.2d at 894-95 (citations omitted.)

To be sure, *Cunningham* was decided before the Antiterrorism and Effective Death Penalty Act ("AEDPA") became law. But, it would appear that the futility exception is still applicable under AEDPA. *See Jones v. Jones*, 163 F.3d 285, 298 (5th Cir. 1998) ("Our court has not addressed whether the futility exception . . . survived AEDPA's enactment. But, . . . the language of § 2254(b)(1)(B) is substantially identical to the language of pre-AEDPA § 2254(b), upon which the . . . exception appears to be based."). And, assuming that the exception is still viable, it is my opinion

5

that it is applicable to Steffes' case. In other words, it would have been futile for Steffes to present for a second time to the Wisconsin appellate courts the very same issue of juror misconduct that had been presented to those courts by his co-defendant, Howard. Thus, for purposes of section 2254 habeas corpus relief, Steffes has exhausted his state court remedies with respect to all of his claims.

That having been said, it does not necessarily follow that all of the materials which Steffes seeks to be filed with this court need be so filed. More precisely, there is no need for the briefs in Howard's appellate proceedings to be filed with this court. And the decision of the Wisconsin Court of Appeals in Howard's case, together with the Supreme Court's denial of Howard's petition for review, have already been provided to this court in conjunction with Steffes' March 19, 2008 motion. So there is no need to provide additional copies of them (besides, they can be obtained online). That leaves for discussion "[t]he post-conviction transcripts from State v. Steffes, 06-AP-1633-CR, July 21, 2001, September 24, 2001, October 23, 2001, November 30, 2001, January 25, 2002, and March 19, 2002." (Supp. Mot., filed March 28, 2008.).

The respondent notes that two of the transcripts have apparently been placed under seal by the state circuit court and that the respondent, Michael Thurmer, "believes he lacks authority to submit the sealed transcripts to either this court or Steffes without the state circuit court's approval." (Thurmer's Resp., 2.) Interestingly, Steffes replies to this particular assertion by stating that, "[a]s for the (2) hearings that the state asserts were sealed, the petitioner has had copies of these transcripts for over five years now and would happily provide to the court and the respondent any transcripts that they are not able to obtain, so as not to cause any unnecessary delay. (Pet'r's Reply 2.).

I will take Steffes up on his offer. Steffes is directed to file with this court, under seal, copies of the transcripts of the post-conviction hearings of July 21, 2001 and September 24, 2001. Additionally, the respondent is ordered to file with this court copies of the other transcripts of post-

6

conviction hearings, to wit, those relating to the hearings of October 23, 2001, November 30, 2001, January 25, 2002, and March 19, 2002 (and provide the petitioner with copies of the same). The parties are ordered to file such transcripts <u>on or before June 2, 2008</u>.

Finally, the petitioner is ordered to file his brief in support of his habeas corpus petition <u>on or before July 1, 2008</u>; the respondent shall file his brief in response to the petitioner's brief <u>on or before August 1, 2008</u>; the petitioner shall file his reply brief <u>on or before August 22, 2008</u>.

**NOW THEREFORE IT IS ORDERED** that the petitioner's motions to complete the record (dkt ## 10, 12) are **GRANTED IN PART** and **DENIED IN PART**;

**SO ORDERED** this <u>5th</u> day of May 2008, at Milwaukee, Wisconsin.

<u>/s/ William E. Callahan, Jr.</u>
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge